**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

BRIAN BLUNT; ARIZONA
CONFERENCE OF POLICE AND
SHERIFFS, an Arizona nonprofit
corporation,

*Plaintiffs - Appellants*,

v.

MICHAEL SOELBERG, in his
official capacity as Chief of Police of
the Gilbert Police Department;
TOWN OF GILBERT; NATHAN
WILLIAMS, in his official capacity
as the Human Resources Executive
Director of the Town of Gilbert,

*Defendants - Appellees*.

No. 24-3538

D.C. No.
2:23-cv-02215-
SMB

ORDER
CERTIFYING
QUESTIONS TO
THE ARIZONA
SUPREME
COURT

Appeal from the United States District Court
for the District of Arizona
Susan M. Brnovich, District Judge, Presiding

Argued and Submitted May 12, 2025
Phoenix, Arizona

Filed April 3, 2026

Before: Johnnie B. Rawlinson, Patrick J. Bumatay, and
Gabriel P. Sanchez, Circuit Judges.

## SUMMARY[*]

### Certification to Arizona Supreme Court

The panel certified to the Arizona Supreme Court the
following questions:

1.  Does the presumption against
    retroactivity prohibit application of
    the 2022 amendment to Ariz. Rev. Stat.
    Ann. § 38-1102 to at-will employment
    agreements that were signed before the
    2022 amendment?

2.  If the presumption against retroactivity
    does not apply, does the 2022 amendment
    void the at-will employment contract
    between Blunt and the Town of Gilbert
    because the facts giving rise to Blunt's
    termination occurred after enactment of
    the amendment, such that any discipline
    imposed against him by the Town must
    be supported by just cause?

3.  If the 2022 amendment voids the at-will
    employment contract between Blunt and
    the Town of Gilbert, would that result in

[*] This summary constitutes no part of the opinion of the court. It has
been prepared by court staff for the convenience of the reader.

impairment of a vested contractual right
in violation of the Contract Clause of the
Arizona State Constitution?

## ORDER

This case raises the issue of whether Arizona's presumption against retroactivity prohibits application of a 2022 amendment to the Arizona Peace Officers Bill of Rights (POBOR) to an at-will employment contract signed in 2021 between a police officer and his employer. Because the disposition of this appeal turns on an important and unsettled question of Arizona law, we submit this request to the Arizona Supreme Court to exercise its discretion and accept the following certified questions in accordance with Supreme Court of Arizona Rule 27 and Section 12-1861 of the Arizona Revised Statutes:

1. Does the presumption against retroactivity prohibit application of the 2022 amendment to Ariz. Rev. Stat. Ann. § 38-1102 to at-will employment agreements that were signed before the 2022 amendment?

2. If the presumption against retroactivity does not apply, does the 2022 amendment void the at-will employment contract between Blunt and the Town of Gilbert because the facts giving rise to Blunt's termination occurred after enactment of the amendment, such that any discipline

imposed against him by the Town must be supported by just cause?

3. If the 2022 amendment voids the at-will employment contract between Blunt and the Town of Gilbert, would that result in impairment of a vested contractual right in violation of the Contract Clause of the Arizona State Constitution?

Our phrasing of the questions should not restrict the Court's consideration of the issues involved. The Court is not limited to the particular questions outlined above, and it may modify or expand upon the questions as it deems appropriate. If the Court decides not to accept certification, we will decide the question as we believe the Arizona Supreme Court would. *See Kohler v. Inter-Tel Techs.*, 244 F.3d 1167, 1171 (9th Cir. 2001).

## I. Factual Background

Brian Blunt (Blunt) served as a police officer with the Town of Gilbert Police Department (the Town) in Gilbert, Arizona for approximately twenty-one years. In that time, he served as a patrol officer, detective, sergeant, and lieutenant. In 2021, Blunt was promoted to the position of police commander. When he was promoted to the position of police commander, Blunt signed an employment agreement with the Town. The agreement provided that his employment would be at-will. The at-will employment provision "mean[t] that both [Blunt] and the Town [would] be free to separate the employment relationship at any time, with or without cause or notice."

In March 2023, the Town conducted an employee engagement survey. Following the survey, the Town

retained a human resources firm to investigate feedback regarding Blunt. In May 2023, the Town notified Blunt that it was conducting an internal investigation into allegations that Blunt made unprofessional, offensive, and harassing statements to other department employees. When the outside investigator contacted Blunt, Blunt agreed to an interview only if he was provided with materials underlying the investigation in advance of the interview. The Town declined to provide Blunt with the requested materials, and canceled the interview.

The Town terminated Blunt in September 2023. Blunt requested a copy of the internal investigation and a pre-termination hearing, both of which the Town denied. Additionally, neither Defendant Michael Soelberg (Soelberg), the Police Chief, nor Defendant Nathan Williams (Williams), the Human Resources Executive Director, provided Blunt an opportunity to be heard regarding the reasons supporting Blunt's termination. The Town did not respond to Blunt's request for an appeal process.

Blunt subsequently filed an action against the Town, Soelberg and Williams in Maricopa County Superior Court. He alleged claims for violations of his procedural and substantive due process rights under the POBOR and a violation of the POBOR. He also alleged unconstitutional and/or unlawful customs and policies, and failure to train. Blunt sought a writ of mandamus ordering the Town to rescind his termination until the Town provided him with a pre-deprivation hearing and a meaningful appeal process.

Appellees removed the case to federal court and filed a motion to dismiss. The district court granted the motion to dismiss with prejudice. The district court dismissed

Appellants' procedural due process claims on the basis that Blunt did not have a constitutionally protected interest in his employment with the Town, as his employment agreement unequivocally provided that he was an at-will employee. The district court concluded that the 2022 amendment to the POBOR did not alter this conclusion because the presumption against retroactivity under Arizona law "squarely applies." In reaching this conclusion, the district court first observed that the legislature did not expressly declare that the 2022 amendment should apply retroactively. The court next noted that the amendment affects substantive rights, and therefore the exception to the presumption against retroactivity for purely procedural legislation did not apply. Finally, the district court reasoned that when Blunt signed his employment agreement in 2021, the Town could lawfully offer him at-will employment under the pre-2022 version of the POBOR.

The district court dismissed Blunt's substantive due process claim based on its prior determination that Blunt did not have a constitutionally protected interest in his continued employment with the Town. The district court also dismissed Blunt's POBOR claim because the POBOR does not afford a private right of action. The district court dismissed the failure to train claims because neither federal law nor Arizona law recognizes a standalone failure-to-train claim. The district court declined to issue a writ of mandamus because the Town did not fail to perform any legally required act. The district court denied leave to amend in light of its finding that the presumption against retroactivity foreclosed the showing of a constitutional injury. Blunt timely appealed.

## II. Explanation For Certification

The POBOR was originally passed in 2014. *See* Ariz. Rev. Stat. § 38-1102 (2014). The statute provides certain procedural protections when a law enforcement officer in Arizona is disciplined or terminated. *See id. et. seq.* These protections include an officer's right not to be disciplined except for just cause, the right to have a representative present during an administrative investigation interview, the right to be informed of the facts underlying an administrative investigation prior to an investigatory interview, and the right to receive the investigatory file to appeal a disciplinary action. *See*, *e.g.*, *id.* §§ 38-1103, 1104, 1106 (2014).[1] As enacted in 2014, § 38-1102 of the POBOR provided that:

> A peace officers bill of rights is established. This article does not preempt agreements that *supplant, revise or otherwise deviate from* the provisions of this article, including written agreements between the employer and the law enforcement officer or the law enforcement officer's lawful representative association.

*Id.* § 38-1102 (2014) (emphasis added). Under this provision, law enforcement agencies and their employees could enter into employment contracts that deviated from the provisions of the POBOR. *See id.*

---

[1] These protections are not available to at-will employees. *See* Ariz. Rev. Stat. §§ 38.1103(B)(2); 1104(E); 1106(P) (2014).

In 2022, the Arizona legislature amended § 38-1102 (the 2022 amendment), to provide that:

> The peace officers bill of rights is established. This article outlines the *minimum rights* given to peace officers in this state. This article does not preempt agreements that *supplement or enhance* the provisions of this article, including written agreements between the employer and the law enforcement officer or the law enforcement officer's lawful representative association.

*Id.* § 38-1102 (2022) (emphasis added).

This amendment eliminated the ability of law enforcement agencies and their employees to enter into employment contracts that deviated from the provisions of the POBOR. The 2022 amendment did not delete the language excluding at-will employees from the protections set forth in the POBOR.

Blunt signed his at-will employment contract with the Town in 2021. Blunt now contends that the 2022 amendment voided his 2021 at-will employment agreement. He maintains that after the 2022 amendment, only agreements that "supplement or enhance" the rights in the POBOR are valid, whereas agreements that "supplant, revise or otherwise deviate from" the POBOR, which would include his at-will agreement, are unenforceable. According to Blunt, a finding that the 2022 amendment voids pre-existing at-will agreements does not constitute retroactive application of the statute because the events giving rise to his lawsuit—the Town's investigation and termination of him—

occurred after the 2022 amendment became law. Blunt maintains that it is the timing of the disciplinary action that determines whether the presumption against retroactivity is triggered, not the date on which his employment agreement was signed. The Town counters that the at-will agreement was not voided by the amended provision of the POBOR because the presumption against retroactivity prohibits application of the amendment to Blunt's employment agreement. The Town also argues that retroactively applying the amended POBOR to Blunt's employment agreement would violate the Contract Clause in the federal and Arizona Constitutions because the amended POBOR substantially impairs the contractual relationship between the Town and Blunt, and lacks a significant and legitimate public purpose.

The Arizona Supreme Court addressed the presumption against retroactivity in *Krol v. Industrial Commisson of Arizona*, 565 P.3d 1013 (Ariz. 2025). In *Krol*, a firefighter filed a claim for workers' compensation benefits in January 2021, identifying his work-related injury as brain cancer, and the date of his injury as October 28, 2020. *See id.* at 1016-17. Under the Arizona statutory scheme, the burden was on Krol as the claimant to establish that his brain cancer arose out of his employment as a firefighter. *See id.* at 1016.

In 2001, the Arizona legislature adopted a new statutory presumption for firefighters that lessened their burden to prove causation for certain impairments. *See id.* In 2017, the legislature amended the statute to delineate the evidence required to rebut the statutory presumption. *See id.* Finally, in 2021, the legislature enacted a provision that lessened the burden on firefighters to establish the statutory presumption and correspondingly heightened the standard to rebut the statutory presumption. *See id.*

Krol contended that the 2021 statute governed his claim, but the Arizona Supreme Court disagreed. *See id.* at 1017. The Court ruled that "[t]here is nothing in the 2021 statute that expressly declares it to be retroactive." *Id.* (quoting Ariz. Rev. Stat. § 1-244: "No statute is retroactive unless expressly declared therein."). The Court added that § 1-244 "categorically applies to all statutes" in Arizona. *Id.* at 1021 (citations omitted).

Nevertheless, the Court acknowledged that the legislature need not use the expression "this statute shall be retroactive, or any similar one, to accomplish the purpose of retroactivity." *Id.* at 1020 (citation and internal quotation marks omitted). "Any language that shows a legislative purpose to bring about this result is sufficient." *Id.* (citation omitted).

The Court also recognized that the inquiry into retroactivity does not end even in the "absence of any legislative declaration about retroactivity." *Id.* at 1021 (citation omitted). Rather, a statute may be applied retroactively if it is procedural only and "[does] not alter or affect earlier established substantive rights." *Id.* (citation omitted). In sum, "the legislature may not disturb vested substantive rights by retroactively changing the law that applies to completed events." *Id.* (citation and internal quotation marks omitted). The Court ultimately determined that the statutory presumption in the workers' compensation statutory scheme is substantive rather than procedural. *See id.* at 1017. And the Court reasoned that this substantive right vested at the filing of the worker's compensation claim in January 2021. *See id.* at 1025. Thus, the presumption against retroactivity applied, and the 2017 statute rather than the 2021 statute governed Krol's claim. *See id.*

Although the decision in *Krol* analyzes generally the presumption against retroactivity and applies that analysis to the workers' compensation statutory scheme, the *Krol* decision did not definitively resolve the specific issues presented by the facts of this case. The 2022 amendment to the POBOR provides that "[t]his article does not preempt agreements that *supplement or enhance* the provisions of this article." Ariz. Rev. Stat. § 38-1102 (2022) (emphasis added). The amendment does not include an express statement that the statute should apply retroactively to pre-existing employment contracts. *See id.* And the amendment does not expressly state whether the amendment voids pre-existing at-will agreements between Arizona state agencies and peace officers. *See id.* Thus, we must decide what effect, if any, the 2022 amendment has on pre-existing at-will employment contracts.

If the presumption against retroactivity applies and prohibits retroactive application of the 2022 amendment, Blunt's at-will employment agreement remains unaffected by the 2022 amendment. If the presumption does not apply, the issue remains whether the 2022 amendment voids Blunt's at-will employment agreement on the basis that it does not merely "supplement or enhance the provisions of [the POBOR]." *Id.* And if the at-will employment agreement is voided by the 2022 amendment, we ask the Court to provide guidance on whether this result "impair[s] the obligation of a contract" in violation of the Contract Clause of the Arizona Constitution. Ariz. Const. Art. 2, § 25.

No controlling decision from the Arizona Supreme Court or Arizona intermediate appellate courts answers

the certified questions presented.[2]  These questions are determinative of this cause.  *See* Ariz. Rev. Stat. § 12-1861. As a result, we are persuaded that the Arizona Supreme Court is best suited to determine whether the presumption against retroactivity prohibits the application of the 2022 amendment to § 38-1102 to pre-existing at-will employment contracts between peace officers and their employers, and if not, whether the 2022 amendment voids pre-existing at-will employment contracts in Arizona.  *See id.*  We conclude that certification of these questions of Arizona law to the Arizona Supreme Court is the appropriate course of action to resolve this case.

### III.  Counsel Information

The names, addresses, telephone numbers, and email addresses of counsel are as follows:

Counsel for Plaintiffs-Appellants Brian Blunt and the Arizona Conference of Police and Sheriffs:

Steven J. Serbalik, #028191, steveserbalik@gmail.com, Steven J. Serbalik, PLC, 4925 E. Desert Cove Ave #116, Scottsdale, AZ 85254, (480) 269-1520.

Counsel for Defendants-Appellees Town of Gilbert, Michael Soelberg, and Nathan Williams:

---

[2] We recognize that the Arizona Court of Appeals decided this issue in *Veach v. City of Chandler*, 2025 WL 2781328 (Ariz. Ct. App., Sept. 30, 2025), *rev. denied*, March 3, 2026.  However, as stated by that court, the decision is non-precedential.

Aaron D. Arnson, #031322, aaron.arnson@refinelegal.com, Refine Legal PLLC, 21168 E. Ocotillo Road, #1214, Queen Creek, AZ 85142, (480) 815-8606.

The Clerk of Court shall forward, under official seal, to the Arizona Supreme Court, an original and six copies of this Order and all briefs, excerpts of record, and other filings in this appeal pursuant to Arizona Revised Statutes § 12-1861 and Supreme Court of Arizona Rule 27(a).

This case is withdrawn from submission. Further proceedings in this case before our court are stayed pending final action by the Arizona Supreme Court. The Clerk is directed to administratively close this docket, pending further order. The parties shall notify this court within fourteen days of the Arizona Supreme Court's acceptance or rejection of certification, and if certification is accepted, within fourteen days of the Arizona Supreme Court's issuance of its decision. We retain jurisdiction over any further proceedings in our court.

**IT IS SO ORDERED.**

Respectfully Submitted,

Johnnie B. Rawlinson, Patrick J. Bumatay, and Gabriel P. Sanchez, Circuit Judges.

FOR THE COURT:

Johnnie B. Rawlinson,
United States Circuit Judge, Presiding